JACK K. REYNOLDS AND NANCY A. REYNOLDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket No. 9469-78.
United States Tax Court
T.C. Memo 1981-714; 1981 Tax Ct. Memo LEXIS 33; 43 T.C.M. (CCH) 115; T.C.M. (RIA) 81714; December 17, 1981. *33 Held: The date-of-contribution fair market values of four paintings determined. Robert Paul Mann, for the petitioners. Robert A. Miller, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioners for 1974 in the amount of $ 6,131. The issue for decision is the fair market values of four watercolor paintings contributed to an art foundation. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners (husband and wife) resided in Maryland. Petitioners acquired four watercolor paintings (hereinafter sometimes *34 referred to collectively as "the subject paintings") by Jean [1] Mammen on June 28, 1972, from an art gallery in New York City, at a total cost of $ 4,000. Each of the subject paintings is in pencil and watercolor; none is dated. The subject paintings are described as follows: (1) "Liebesgeschichten", signed "J. Mammen" upper left, 16 X 13 on mount 18 X 14 1/8 inches. (2) Untitled (Masked Ball Scene), signed "J. Mammen" upper right, 18 7/8 X 14 5/8 on mount 23 7/8 X 19 inches. (3) "Feine Welt", signed "J. Mammen" lower right, 17 1/2 X 13 3/8 on mount 23 X 17 5/8 inches. (4) "Strassensanger (Paris)", unsigned, 13 3/8 X 11 7/8 on mount 23 1/4 X 17 5/8 inches. In December 1974, petitioners contributed the subject paintings to the Edmunston Art Foundation, Inc. (Des Moines Art Center). On their 1974 Federal income tax return petitioners claimed deductions for the fair market values of the subject paintings in the aggregate amount of $ 16,500 ($ 3,000 for "Strassensanger (Paris)" and $ 4,500 for each of the others). In the notice of deficiency, *35 respondent determined that the fair market values of the subject paintings aggregated $ 4,000. In respondent's expert's report and at trial, respondent's expert stated her opinion that the fair market values of the subject paintings aggregated $ 8,600 ($ 2,000 for "Strassensanger (Paris)" and $ 2,200 for each of the others). At trial, respondent adopted that as his position (instead of the $ 4,000 determined in the notice of deficiency). The fair market values of the subject paintings aggregated $ 8,600 when petitioners contributed them to the Edmunston Art Foundation, Inc., in December 1974. OPINION Petitioners are authorized to take deductions, under section 170(a)(1) [2] of the Internal Revenue Code of 1954, for the property they contributed. Respondent concedes that the nature and status of the donee organization, and the relationship of the subject paintings to petitioners, are such that petitioners are entitled to deduct the full fair market values of the subject paintings. Subpars. (1) and (2) of sec. 1.170A-1(c), Income Tax Regs. The issue for decision is the fair market values of the subject paintings as of December 1974. The parties' positions and our finding are *36 set forth in the last two paragraphs of the Findings of Fact, supra. Generally, the fair market value of property is the price at which a willing buyer will purchase the property from a willing seller, when neither is acting under compulsion and both are fully informed of the relevant facts and circumstances. E.g., McShain v. Commissioner, 71 T.C. 998, 1004 (1979). At trial, both sides presented the testimony of expert witnesses to establish the fair market values of the subject paintings. The experts agree that Jean Mammen was a painter of the Neue Sachlichkeit (New Objectivity) *37 movement, which took place in Germany in the 1920's. George Grosz and Otto Dix are regarded as the leaders of the movement. Jean Mammen produced relatively few paintings. In 1973, the gallery from which petitioners had purchased the subject paintings--or an associate of that gallery's owner--sold another painting by Jean Mammen for $ 2,000. On May 27, 1975, another painting by Jean Mammen was sold at a public auction in Munich for $ 1,560; this painting was of a size and quality essentially similar to the sizes and quality of the subject paintings. On December 12, 1978, another painting (oil and pencil on paper) by Jean Mammen was sold in Munich for $ 875; this painting was approximately half the size of the subject paintings. In 1980 another painting by Jean Mammen was being offered for sale for $ 6,500 by the gallery from which petitioners had purchased the subject paintings; this painting was of a quality essentially similar to the quality of the subject paintings. The painting offered in 1980 had been for sale at that offering price for a year by the time of the trial and had not yet been sold. Petitioners' expert has been an art dealer since about 1967, primarily involved *38 with works of art produced by Austrian and German expressionists. He had been employed by the art gallery from which petitioners purchased the subject paintings. He participated in the gallery's 1972 purchase of about 27 paintings by Jean Mammen, including the subject paintings. He was the individual who sold the subject paintings (on behalf of the art gallery) to petitioners. He provided the appraisals used by petitioners in claiming the $ 16,500 of deductions which are the subject of the dispute in the instant case. Respondent's expert has been a reviewer of art appraisals since 1974, primarily involved with late 19th and early 20th Century American and European art. By the time of the trial in the instant case, she had reviewed about 9,000 appraisals in the fields of her primary involvement.
Petitioners' expert has the buying and selling experience that respondent's expert lacks. Petitioners' expert also has greater experience in dealing with the works of Jean Mammen (and the school of art which she is regarded as belonging to) than does respondent's expert. However, petitioners' expert, in his expert reports and his trial testimony, seems to focus on "value" and offering *39 prices, rather than on prices at which the subject paintings would change hands between a willing buyer and a willing seller. Respondent's expert appears to be more cognizant of the role of an expert witness in a valuation case. She is more persuasive in her estimates of fair market value because she focuses on available evidence with regard to prices in actual sales. She has adequately related the information she has presented to the estimates of fair market value that she has offered. Petitioners' expert has the more impressive credentials but essentially asks the Court to accept his conclusions without offering an adequate explanation as to how these conclusions can be reached. [3] He has presented information with regard to other painters but has failed to show how this information leads to the value estimates he has offered. [4]
*40 Both experts have remarked on the almost complete lack of information about purchases and sales of paintings by Jean Mammen since the time that petitioners acquired the subject paintings. Both experts agree that it is likely that the very rarity of such paintings has resulted in the prices of sales and of offerings of Jean Mammen's paintings being less than they would have been had Jean Mammen produced a larger number of paintings of similar quality. Petitioners' expert does not appear to have adequately accounted for this phenomenon in his estimates. Neither expert has presented the Court with an overwhelming case. However, on the basis of the record as a whole, we have found that the fair market values of the subject paintings aggregated $ 8,600 when petitioners contributed them to the Edmunston Art Foundation, Inc., in December 1974. In this, we agree with respondent's expert. See Buffalo Tool & Die Mfg. Co. v. Commissioner, 74 T.C. 441, 452 (1980). In any event, petitioners have wholly failed to bear their burden of proving that the aggregate exceeded the amount conceded by respondent. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), *41 Tax Court Rules of Practice and Procedure.
Because this aggregate exceeds the amount determined by respondent in the notice of deficiency, Decision will be entered under Rule 155. Footnotes
1. The parties have stipulated to this spelling. In the experts' reports, the artist's first name is usually spelled "Jeanne".↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. [The subsequent amendment of this provision by section 1906(b)(13) [sic] (A) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1834, does not affect the instant case.]↩
3. Petitioners' expert's report dated October 5, 1980, introduced into evidence, concludes as follows: I personally find it difficult to comprehend, why, simply because an artist's works are so rare that the name doesn't conveniently pop up on a computer, that their value should be doubted. Any question as to their value has been amply and honestly answered by an acknowledged expert (myself) in the field, and I am absolutely confident that no knowledgeable person would disagree. ↩
4. See 10 Mertens, Law of Federal Income Taxation, sec. 59.03, p. 9 (1976). A common fallacy in offering opinion evidence is to assume that the opinion is more important than the facts. To have any persuasive force, the opinion should be expressed by a person qualified in background, experience, intelligence, familiarity with the property, and with the valuation problem involved. It should also refer to all the underlying facts upon which an intelligent judgment of valuation should be based↩. The facts must corroborate the opinion; otherwise, the opinion will be discounted. [Footnote references omitted; emphasis in original.]